```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Gary D. Hammond, et al.,        :

      Plaintiff,             :

   v.                           :    Case No.  2:08-cv-0404

Village of Crooksville, et al., :    JUDGE WATSON

      Defendants.            :

                REPORT AND RECOMMENDATION

    On April 29, 2008, plaintiffs Gary and Keri Hammond filed a complaint against the Village of Crooksville, et al., and sought leave to proceed in forma pauperis.  For the following reasons, the Court will recommend that the application to proceed in forma pauperis be denied and that the complaint be dismissed as frivolous and for lack of subject matter jurisdiction.

                              I.

    28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...."  The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved.  See Neitzke v. Williams, 490 U.S. 319 (1989).  A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact.  See id. at 325.  Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest

which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992).  A complaint may be dismissed for failure to state a claim upon which relief can be granted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  *Pro se* complaints are to be construed liberally in favor of the *pro se* party.  Haines v. Kerner, 404 U.S. 519 (1972).  It is with these standards in mind that the plaintiff's complaint and application for leave to proceed *in forma pauperis* will be considered.

II.

The Hammonds filed this action apparently attempting to assert a fraud claim against the Crooksville Police Department.  The focus of the complaint is the signature of Douglas Cannon, as Crooksville mayor, on papers the Hammonds were required to sign following their convictions in mayor's court on various charges.  The Hammonds contend that Mr. Cannon has been deceased for more than two years and could not have signed these documents.  They are seeking monetary compensation and to have "all charges dropped."

After considering these allegations, the Court concludes that Hammonds have failed to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction.  Specifically, the Hammonds have failed to allege any facts reasonably suggesting that their claims arise under federal law.  The complaint does not allege any facts indicating a violation of the Hammonds' due process or any other civil rights by any Crooksville official.  The Court is "not required to accept summary allegations or

2

unwarranted legal conclusions in determining whether a complaint states a claim for relief." Fish v. Murphy, 22 Fed.Appx. 480, 482 (6th Cir. 2001) (citing Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726-27 (6th Cir. 1996). Absent a claim that the defendants violated the Hammonds' rights either under some general federal law, or their federal constitutional rights, the Court simply lacks jurisdiction to hear their claims. See 28 U.S.C. §§1331, 1343. Further, to the extent the Hammonds may be seeking to appeal their mayor's court convictions, this Court does not have jurisdiction over such an action. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

Moreover, if the Hammonds are attempting to assert any type of state law claim, a federal court has jurisdiction over state law claims in very limited circumstances. Under 28 U.S.C. §1332(a), federal courts have original jurisdiction of civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. Here, the plaintiffs and defendants are all Ohio citizens. Consequently, the Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

"Where there is no basis for federal jurisdiction apparent on the face of the complaint, a court may dismiss the action as frivolous and for lack of subject matter jurisdiction under 28 U.S.C. §1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3)." Young v. Scharf, 2007 WL 2123767 (S.D. Ohio July 20, 2007) at fn. 1 (citing Carlock v. Williams, 182 F.3d 916 (table), 1999 WL 454880 at *2 (6th Cir. June 22, 1999)). However, such a dismissal is not a bar to refiling the action in state court. Id.

III.

Based on the foregoing, it is recommended that the complaint be dismissed as frivolous and for lack of subject matter jurisdiction, without prejudice to refiling in state court, and that a copy of the complaint and the Court's dismissal order be mailed to the defendants.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981)


/s/ Terence P. Kemp
United States Magistrate Judge