IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gary D. Hammond, et al.,

    Plaintiff,

v.

Village of Crooksville, et al.,

    Defendants.

Case No. 2:08cv0404

Judge Michael H. Watson

## ORDER

This matter is before the Court on the objection filed by plaintiffs, Gary and Keri Hammond to the Magistrate Judge's Report and Recommendation filed May 28, 2008. Pursuant to an initial screening under 28 U.S.C. §1915, the Magistrate Judge recommended that the Hammonds' claims be dismissed.

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.; see also 28 U.S.C. §636(b)(2)(B). For the following reasons, the objections will be overruled and this case will be dismissed.

The Hammonds filed a complaint attempting to assert a fraud claim

against the Crooksville Police Department. According to the Hammonds, papers they were required to sign following their convictions in mayor's court contained the signature of a deceased mayor. The Hammonds sought both monetary compensation and the dismissal of all charges against them.

Because the Hammonds also filed a request to proceed *in forma pauperis,* the Magistrate Judge conducted an initial screening pursuant to 28 U.S.C. §1915. During the screening process, the Magistrate Judge found that the Hammonds failed to assert any claim with an arguable basis in law over which the Court has subject matter jurisdiction. Specifically, the Magistrate Judge concluded that the complaint did not allege any facts suggesting that their claims arise under federal law. Further, the Magistrate Judge found that, to the extent the Hammonds were attempting to assert any state law claims, no diversity of citizenship existed between the parties.

In their current filing, the Hammonds contend that they are asserting claims under the fifth, eighth and thirteenth amendments. The Court construes this assertion as an objection to the Magistrate Judge's finding that the complaint failed to allege any facts indicating a violation of the Hammonds' civil rights.

While the Hammonds' now set forth the specific constitutional amendments under which they believe their claims arise, they fail to provide any additional facts or argument that suggest a violation of any rights cognizable under federal law. Consequently, because the Hammonds fail to raise any new arguments or issues in their objection, this Court, after a de novo review, will adopt the Magistrate Judge's Report and Recommendation in its entirety. See

Kittle v. State of Ohio, 2006 WL 2128908 at *1 (S.D. Ohio July 27, 2006) (citing Howard v. Secretary of Health and Human Services, 932 F.3d 505, 509 (6th Cir.1991)).  Accordingly, the Hammonds' objection is OVERRULED.

Based on the foregoing, the Court overrules the Hammonds' objection and adopts the Magistrate Judge's Report and Recommendation (#2) in its entirety.  Accordingly, the Hammonds' complaint is DISMISSSED without prejudice to refiling in state court.  The Clerk shall mail a copy of the complaint, the Report and Recommendation, and this order to the defendants.

_____
Michael H. Watson, Judge
United States District Court